IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY EARL STARK,

      Plaintiff,

v.                                                            CASE NO. 1:19-cv-258-MW-GRJ

EIGHTH JUDICIAL CIRCUIT
IN AND FOR LEVY CTY., FLA.,
et al.

      Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's First Amended Complaint,

ECF No. 6, and Motion for Leave to Proceed *In Forma Pauperis*, ECF No.

8.  Plaintiff's motion for leave to proceed as a pauper is due to be

**GRANTED**.  N.D. Fla. Loc. R. 5.3.  The Court, however, will not assess a

filing fee because, for the reasons explained below, it is respectfully

**RECOMMENDED** that the First Amended Complaint should be

**DISMISSED** pursuant to 28 U.S.C. § 1915(e).

## I.  BACKGROUND

Plaintiff, proceeding *pro se*, initiated this lawsuit against the Eighth

Judicial Circuit in and For Levy County, Fla., and the State of Florida, on

November 12, 2019.  ECF No. 1.  Plaintiff sought to hold liable the Eighth
Judicial Circuit Court and the State of Florida for $5 million in "emotional,
monetary, and punitive damages" based on barebones allegations that he
was "illegally" arrested, charged, convicted, sentenced, recharged, and
resentenced from 2014 through 2018.  *Id.*

The Court screened Plaintiff's Complaint and directed him to correct
several deficiencies or face dismissal.  ECF No. 4.  First, the Court directed
Plaintiff to file an amended complaint using the Court's approved *pro se*
form.  *Id.* at 1–2; *see also* N.D. Fla. Loc. R. 5.7(A).  Second, the Court
advised Plaintiff that his claims failed to meet the pleading standard set
forth in Federal Rule of Civil Procedure 8(a)(2) because his allegations
were conclusory.  ECF No. 4 at 2–3.  Lastly, the Court cautioned Plaintiff
that to state a claim under 42 U.S.C. § 1983 for a constitutional violation he
must name a particular judge or assistant state attorney as a defendant,
rather than the Eighth Judicial Circuit,[1] *and* "allege facts that would refute
those parties' well-established immunity from civil suit and damages."  *Id.* at
3.

---

[1] *See Newton v. Duke Energy Fla., LLC*, 985 F.3d 1270, 1278 (11th Cir. 2018) ("[N]either
the State of Florida nor its agencies are 'persons' within the meaning of § 1983 (citing *Will
v. Mich. Dep't of State Police*, 491 U.S. 58 (1989))); *Foster v. Walsh*, 864 F.2d 416, 418
(6th Cir. 1988) ("Those courts that have considered the matter seem to have held
unanimously that a court is not a 'person' within the meaning of that term as used in §
1983.").

2

Plaintiff filed his First Amended Complaint on December 6, 2019. ECF No. 6.  Heeding the Court's directive, Plaintiff has dropped his claims against the Eighth Judicial Circuit and the State of Florida and, instead, names the following defendants: (1) Levy County Sheriff' Office Detective Writer; (2) Levy County Sheriff' Office Detective Scott Stancil; (3) Assistant Public Defender Phaladya Dean; (4) Assistant Public Defender Alan Chipperfield; (5) Assistant Public Defender Ray Thomas, Jr.; (6) Assistant State Attorney Darla Whistler; (7) an unidentified misdemeanor prosecutor employed by the State Attorney's Office for the Eighth Judicial Circuit; (8) Eighth Judicial Circuit Court Judge William E. Davis; (9) Eighth Judicial Circuit Court Judge Mark W. Mosley; (10) Eighth Judicial Circuit Court Judge Stanley H. Griffis III; (11) Eighth Judicial Circuit Court Judge David P. Kreider; (12) Levy County Court Judge James T. Browning; and (13) Florida Attorney General Ashley Moody.  *Id.* at 3.

Plaintiff's claims stem from his arrest, conviction, and sentence in Levy County Case No. 38-2014-CF-545-A for lewd and lascivious exhibition.  *Id.* at 5–6; *see also* ECF No. 7 (Plaintiff's "memorandum" in support of his First Amended Complaint).  Plaintiff first says that the detectives are liable for refusing to provide him a call for legal advice before his arrest on November 6, 2014.  ECF No. 6 at 5.  Plaintiff then states that

3

he was charged under an illegal statute by the State Attorney's Office on November 6, 2014; he was illegally sentenced and convicted on February 11, 2015, because of his appointed counsel; his conviction was illegally vacated by the presiding judge on November 17, 2015; he was "recharged, convicted, and sentence[d]" on November 18, 2015; he was granted "rehearing" on August 28, 2017, but has not received any relief; and he was illegally sentenced for a violation of probation on January 3, 2018. *Id.* at 5–6. In sum, Plaintiff alleges that Defendants violated his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and, again, seeks $5 million in damages. *Id.* at 7.

## II. LEGAL STANDARD

### A.  Screening

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to the screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2). When screening, the Court must dismiss any claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As to the failure to state a claim, "[d]ismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as

4

dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure."
*Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).

To plead a cause of action, a complaint must contain "a short and
plain statement of the claim showing that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2).  Determining whether a complaint should be
dismissed for failing to state a claim upon which relief may be granted turns
on whether the plaintiff has alleged sufficient plausible facts to support her
claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  As the
Supreme Court held in *Twombly*, "[f]actual allegations must be enough to
raise a right to relief above the speculative level." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and
conclusory allegations that "amount to nothing more than a formulaic
recitation of the elements of a constitutional … claim" are "not entitled to be
assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009).  To escape
dismissal, the complaint must allege facts sufficient to move claims "across
the line from conceivable to plausible." *Id.* at 680.  "Determining whether a
complaint states a plausible claim for relief" is a "context-specific task that
requires the reviewing court to draw on its judicial experience and common
sense." *Id.* at 679.  In other words, "The plausibility standard is met only
where the facts alleged enable the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Franklin v. Curry*,

738 F.3d 1246, 1251 (11th Cir. 2013).

The Court will not penalize a *pro se* litigant for "linguistic imprecision,"

*Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of

action must be discernable. A court does not have "license to … rewrite an

otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

## B.    Section 1983

To state a constitutional claim against a "person" acting under the

color of state law pursuant to 42 U.S.C. § 1983, Plaintiff must allege two

essential elements: (1) that he was deprived of a right secured by the

Constitution or federal law; and (2) that the deprivation occurred under

color of law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999).

For a defendant to be sued in his individual capacity, Plaintiff must plead

facts showing that the defendant personally participated in any purported

unconstitutional acts. *See Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d

381, 382 (5th Cir. 1980) ("The claim against Vowell in his individual

6

capacity was dismissed because of the absence of any indication that he

personally participated in any alleged wrongdoing.").[2]

There is an "extremely rigorous" standard to impose supervisory

liability for constitutional violations. *Cottone v. Jenne*, 326 F.3d 1352, 1360

(11th Cir. 2003). A plaintiff seeking to hold a supervisor liable for

constitutional violations may do so by showing that a causal connection

exists between the supervisor's actions and the alleged constitutional

violation. *Id.* As the Eleventh Circuit explained in *Cottone*:

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* (alterations adopted and internal citations omitted). "The deprivations

that constitute widespread abuse sufficient to notify the supervising official

must be obvious, flagrant, rampant and of continued duration, rather than

isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.

1999).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

## III.  DISCUSSION

Plaintiff's constitutional claims are neatly divided into five categories—each of which is addressed below—but they all fail to survive screening.  *First*, Plaintiff's claims against law enforcement are untenable because he does not allege a cognizable constitutional violation and any claim based on his arrest is time-barred.  *Second*, Plaintiff's appointed counsel cannot be held liable for constitutional violations in connection with their representation of Plaintiff because they were not acting under color of state law.  *Third*, the assistant state attorneys who prosecuted Plaintiff in Levy County are entitled to absolute prosecutorial immunity from this suit. *Fourth*, the circuit and county court judges named as defendants are entitled to absolute judicial immunity from this suit.  *Fifth*, and finally, Plaintiff fails to state a claim against Attorney General Moody.

### A.    LCSO Detectives Writer and Stancil

Plaintiff asserts that Detectives Writer and Stancil should be held liable in this case because they "did not let [him] make a call for legal advice before they arrested [him]."  ECF No. 7 at 5.  This, however, is not a cognizable violation of the United States Constitution.  That is, there is no constitutional right to a telephone call during police questioning or after

arrest.[3]  Plaintiff also fails to demonstrate that he had a constitutional right to counsel *before* his arrest,[4] and the undersigned is not aware of any authority holding that deprivation of the right to counsel justifies a damages award.[5]  Lastly, Plaintiff's § 1983 claims stemming from his arrest in 2014 are barred by Florida's four-year statute of limitations.[6]  Plaintiff's claims against the LCSO detectives are, therefore, due to be dismissed.

---

[3] *See Harrill v. Blount Cty., Tenn.*, 55 F.3d 1123, 1125 (6th Cir. 1995) ("The right to make a phone call immediately upon arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law."); *United States v. Schaefer*, 859 F. Supp. 2d 397, 408 (E.D.N.Y. 2012) ("[T]here is no absolute constitutional right to a telephone call during police questioning, even after an arrest[.]").

[4] *See Missouri v. Frye*, 566 U.S. 134, 140 (2012) (stating the Sixth Amendment right to counsel is limited to "critical stages" of criminal proceedings, which includes arraignments, post-indictment interrogations, post-indictment lineups, and guilty pleas); *United States v. Grimes*, 142 F.3d 1342, 1348 (11th Cir. 1998) (stating the Fifth Amendment right to counsel "may be invoked only during custodial interrogation or when interrogation is imminent").

[5] *See Garrison v. Pitts*, No. 5:18-cv-23-FDW, 2018 WL 1308138, at *2 (W.D.N.C. Mar. 13, 2018) ("[T]his Court has been unable to identify any cases in which the plaintiff was awarded money damages under a Section 1983 claim for deprivation of the right to counsel based on the inability to meet with counsel on a single occasion."); *Bradley v. Health Midwest, Inc.*, 203 F. Supp. 1254, 1259 (D. Kan. 2002) ("[T]his court has been unable to find a single case where the plaintiff was awarded money damages under a § 1983 claim for deprivation of the right to counsel.  Perhaps this is because the typical remedy for a violation of the Sixth Amendment right to counsel is that impermissibly obtained evidence is excluded." (internal citations omitted)).

[6] *See Salley v. Goldston*, 727 F. App'x 981, 984–85 (11th Cir. 2018) (affirming the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims because they were barred by Florida's four-year statute of limitations).

**B.    Assistant Public Defenders**

Plaintiff's allegations challenging representation by his appointed

counsel do not fare better.  The law is clear that an assistant public

defender "does not act under color of state law when performing a lawyer's

traditional functions as counsel to a defendant in a criminal proceeding."

*Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).  Accordingly, Plaintiff

cannot state a § 1983 claim against his appointed counsel for ineffective

assistance of counsel.  *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir.

2013).

**C.    Prosecutorial Immunity**

Plaintiff also takes aim at the assistant state attorneys involved in his

prosecution, but he misses the mark.  All acts that a prosecutor performs in

the course of his or her role as an advocate for the State are entitled to the

protections of prosecutorial immunity for actions initiated under § 1983.

*Van de Kamp v. Goldstein*, 555 U.S. 335, 340–42 (2009).  This includes,

but is not limited to, initiating a prosecution, presenting the State's case,

and appearing before a court and subsequent conduct in the courtroom.

*Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

There is no question that ASA Whistler and the unidentified

misdemeanor prosecutor are entitled to the protection of prosecutorial

immunity for their alleged actions.  Plaintiff challenges the conduct of these prosecutors in their role as advocates for the State, namely for their charging decisions.  Therefore, these claims are due to be dismissed.[7]

### D.   Judicial Immunity

In the same vein, judicial immunity bars Plaintiff's claims against the circuit and county court judges named as defendants in the First Amended Complaint.  A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Here, Plaintiff asserts only that the circuit and county court judges acted erroneously, or "illegally."  ECF No. 6 at 5–6.  There is no plausible allegation that the named judges did not have subject-matter jurisdiction over the State's prosecution of Plaintiff.  *Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985).[8]  In sum, Plaintiff's claims against Judge Davis,

---

[7] *See Hendrickson v. Cervone*, 661 F. App'x 961, 967 (11th Cir. 2016) (affirming the district court's application of prosecutorial immunity where Plaintiff's claims against an assistant state attorney "pertain[ed] to [the] prosecutor's discretion and judgment in initiating a criminal prosecution").

[8] *See also* Fla. Stat. § 26.012(2)(d) (stating circuit courts have exclusive original

Judge Moseley, Judge Griffis, Judge Kreider, and Judge Browning should

be dismissed because these defendants enjoy absolute judicial immunity.

### E.    Attorney General Moody

Finally, Plaintiff alleges that Attorney General Moody is liable

because she "is the [b]oss over everyone."  ECF No. 6 at 3.  This statement

is objectively false.[9]  In any event, Attorney General Moody had no

personal involvement in Plaintiff's prosecution in state court, and Plaintiff

does not plausibly allege a constitutional violation for which she could be

held liable in her supervisory capacity.  Plaintiff, therefore, fails to state a

claim against Attorney General Moody.

### F.    Leave to Amend

The only remaining question is whether Plaintiff should be granted

leave to amend his complaint.  Ordinarily, "[i]f the underlying facts or

circumstances relied upon by a plaintiff may be a proper subject of relief,"

*Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be

freely given," Fed. R. Civ. P. 15(a).  A district court, nevertheless, may

---

jurisdiction "of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged").

[9] *See* Fla. Stat. § 16.01 (describing the "[r]esidence, office, and duties of the Florida Attorney General"); Fla. Stat. §§ 27.01, 27.02, 27.181 (describing the roles and duties of elected State Attorneys and appointed assistant state attorneys).

properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182.

This is not a close call. Plaintiff was given the opportunity to amend after the Court's initial screening, and all of Plaintiff's claims in the First Amended Complaint either fail as a matter of law or because of well-established absolute immunity. Additional leave to amend would be futile and, therefore, should be denied.

### IV.  MOTION TO APPOINT COUNSEL OR FOR HEARING

After filing his First Amended Complaint, Plaintiff filed a letter which the Court liberally construes as a motion to appoint counsel or for a hearing. ECF No. 9. Because the undersigned recommends dismissal of this action without leave to amend for the reasons discussed above, Plaintiff is not entitled to appointed counsel or a hearing on this matter. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating the district court "should appoint counsel only in exceptional circumstances"); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); N.D. Fla. Loc. R. 7.1(K) ("The Court may—and most often does—rule on a motion without oral argument, even if a party requests oral argument."). Therefore, Plaintiff's motion, ECF No. 9, is due to be denied.

## V.  SANCTIONS

At bottom, this is Plaintiff's latest attempt to challenge the validity of his Levy County conviction.[10]  Plaintiff is **WARNED** that the filing of frivolous complaints may lead to the imposition of sanctions, including monetary sanctions.  Should Plaintiff file a subsequent case that is deemed frivolous or malicious, the Court will recommend proceedings to determine the appropriate amount of a monetary sanction.

## VI.  CONCLUSION

Accordingly, it is **ORDERED**:

1.   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 8, is **GRANTED**.  Plaintiff, however, will not be assessed the filing fee.

2.   Plaintiff's Motion for Appointment of Counsel or for a Hearing, ECF No. 9, is **DENIED**.

---

[10] *See Stark v. Eighth Judicial Circuit*, No. 1:19-cv-193-AW-GRJ, ECF No. 12 (N.D. Fla. Nov. 12, 2019) (dismissing Plaintiff's unauthorized second or successive petition for writ of habeas corpus); *Stark v. Levy Cty. Commission*, No. 1:17-cv-64-MW-GRJ, ECF No. 9 (N.D. Fla. Apr. 10, 2017) (dismissing Plaintiff's § 1983 action against the Levy County Sheriff's Office and the "Levy County Court System" as an unauthorized second or successive petition for writ of habeas corpus); *Stark v. Eighth Judicial Circuit in and for Levy Cty.*, No. 1:17-cv-50-MW-GRJ, ECF No. 12 (N.D. Fla. Apr. 10, 2017) (same); *Stark v. Levy Cty. Fla.*, No. 1:17-cv-06-MW-GRJ, ECF No. 8 (N.D. Fla. Jan. 31, 2017) (dismissing Plaintiff's § 1983 action against Levy County for failure to prosecute and for failure to comply with a court order); *Stark v. Whistler*, No. 1:16-cv-334-MP-GRJ, ECF No. 6 (N.D. Fla. Dec. 29, 2016) (dismissing Plaintiff's § 1983 claims for damages against ASA Whistler based on prosecutorial immunity and against APD Dean because she is not a state actor); *Stark v. Jones*, No. 1:16-cv-56-MP-EMT, ECF No. 27 (N.D. Fla. Dec. 7, 2016) (denying Plaintiff's petition for writ of habeas corpus).

It is respectfully **RECOMMENDED**:

3.    Plaintiff's First Amended Complaint, ECF No. 6, should be
      **DISMISSED without leave to amend**.

**IN CHAMBERS** this 1st day of July 2020.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations
must be filed within fourteen (14) days after being served a copy
thereof. <u>Any different deadline that may appear on the electronic
docket is for the court's internal use only, and does not control.</u> A
copy of objections shall be served upon all other parties. If a party
fails to object to the magistrate judge's findings or recommendations
as to any particular claim or issue contained in a report and
recommendation, that party waives the right to challenge on appeal
the district court's order based on the unobjected-to factual and legal
conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.